### UNITED STATES of America

v.

**Alexander Frederick MAY a/k/a Fred May; Joseph P. Mortimer; Rod Jenkins; James Larry Favre a/k/a Larry Favre; and Robbie Holden**

### No. CRIM.1:01CR70GR–01.

United States District Court,
S.D. Mississippi,
Southern Division.

Feb. 22, 2002.

Thomas E. Royals, Thomas E. Royals & Associates, Jackson, MS, David Charles Goff, Watkins, Ludlam, Winter & Stennis, P.A., Gulfport, MS, for Alexander Frederick May, defendant.

John R. Martzell, Andrea F. Long, Marcia Suzanne Montero, Martzell & Bickford, New Orleans, LA, for Joseph C. Mortimer, defendant.

James L. Davis, III, Gulfport, MS, for Rod Jenkins, defendant.

Robert K. Pisarich, Biloxi, MS, for James Larry Favre, defendant.

Jack Lucian Denton, King & Associates, Biloxi, MS, for Robbie Holden, defendant.

Ruth Rawls Morgan, U.S. Attorney's Office, Southern District of Mississippi, Biloxi, MS, for U.S. Attorneys.

## ORDER

GEX, District Judge.

This cause is before the Court on *in limine* motion [151–1] of the United States of American [government]. After due consideration of the motions, and following a hearing held in this cause on February 21, 2002, on the government's motion *in limine* to exclude May's expert witness, John Deck, III, this Court finds as follows.

May submitted a disclosure of Deck's proposed testimony. (Ct. R., Doc. 153, p. 2.) Deck's opinion is allegedly based on his experience in marine construction, review of plans and specifications provided by Halter Marine Group, Inc., [Halter Marine], research in the marine barge building industry and interview of various individuals including the defendants. (*Id.*, p. 1.) According to the information in the disclosure, Deck was asked to conduct a study of the total amount of square footage of painting work and corresponding man hours that Gulf Coast Coatings, L.L.C. [Gulf Coast] or Mississippi Coatings,

L.L.C. [Mississippi Coatings] were assigned. (*Id.*, p. 2.) Deck's opinion, supposedly after considering the contracts between the companies, and assuming that Gulf Coast and/or Mississippi Coatings did painting rather than preparation, setup and cleanup work, was that the painting crews could have completed the coating jobs within 33,500 man hours. (*Id.*)

The government contends that the proposed testimony as outlined in the disclosure would merely serve to mislead and confuse the jury, and is based on assumptions which are not supported by the facts. (Govt.'s *In limine* Mot., p. 2.) Gulf Coast's and Mississippi Coatings' bids proposals for the work included preparation and cleaning work. (*Id.*, Exhs. A, B & D.) May counters that the evidence has yet to be developed in this case, and that the issue of exactly which jobs Gulf Coast and Mississippi Coating were hired to perform is a factual matter. (May's Resp., p. 2.) May argues that Deck should be allowed to testify if the facts underlying Deck's report are supported by evidence in the record. (*Id.*) This seems to be precisely what the government maintains is lacking in Deck's premise regarding the work allegedly performed by these companies.

The government also maintains that the conclusion that the coatings job could be completed in 33,500 man hours provides no defense to the charges in the indictment. (*Id.*, p. 3.) The proposed bid would overestimate the rate of pay for the job, according to the government. (*Id.*, p. 4.) In addition, the government argues that most of the work was performed by Halter Marine employees based on evidence which will be presented during the trial. (*Id.*) The government asserts that Deck's testimony will not address the alleged fraud regarding sham bids, approval of invoices for payment to Gulf Coast and Mississippi Coatings for work actually performed by Halter Marine employees, concealment of

the ownership of Gulf Coast and Mississippi Coating, diversion of Halter Marine resources to personal projects, and concealment of the overall scheme. (*Id.*, pp. 4–5.)

The Federal Rules of Evidence provide the following:

[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

█ The Court has examined the disclosure statement, considered the arguments and evidence of counsel in this case, and concludes, without reaching a determination regarding Deck's qualification to testify on the subject matter, that his proposed testimony regarding the work performed by Gulf Coast and Mississippi Coatings should not be offered in this case. The testimony is not relevant and will likely confuse the jury. *United States v. Allibhai*, 939 F.2d 244, 250 (5th Cir.1991).

The government maintains that evidence regarding any alleged loss or lack thereof suffered by Halter Marine as a result of the alleged fraud is not relevant to the proof of any fraudulent conduct. (*Id.*, p. 5.) According to May, evidence of loss to Halter Marine is central to the alleged scheme to defraud. (May's Resp., p. 2.)

█ Fraud is committed by deliberately misleading another by acts, words, or at times, by silence. See PROSSER & KEETON ON TORTS §§ 105–6 (6th Ed.1984). Misleading another for one's own profit constitutes fraudulent conduct. *See SEC v. Capital Gains Research Bureau*, 375 U.S. 180, 183, 84 S.Ct. 275, 11 L.Ed.2d 237 (1963). Whether that entity actually suffers a loss as a result of the fraudulent conduct, or that the victim benefitted fa-

vorably from the conduct is irrelevant to the issue of fraud. *United States v. Rico Indus.*, 854 F.2d 710, 713 (5th Cir.1988), *reh'g denied* 860 F.2d 438 & *cert. denied* 489 U.S. 1078, 109 S.Ct. 1529, 103 L.Ed.2d 834 (1989). It is unnecessary for May to establish an alleged benefit to Halter Marine through Deck's testimony or other evidence. The Court finds that any evidence of a loss or gain by Halter Marine from the alleged fraud should not be offered in this case.

■ The government also seeks to exclude evidence that Halter Marine officers or board members were aware of May's interest and involvement with Gulf Coast and Mississippi Coatings. (Govt.'s *In limine* Mot., pp. 6–8.) May contends that this evidence is relevant to the case. (May's Resp., p. 3.)

■ A criminal fraud can be perpetrated against a corporation although some, or even all the corporate officers are participants in the scheme. *United States v. Wallach*, 935 F.2d 445, 464 (2d Cir.1991), *cert. denied* 508 U.S. 939, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993). Knowledge of fraud by a corporate officer does not bind the corporation. *See United States v. Goss*, 650 F.2d 1336, 1348 (5th Cir.1981). The Court finds that this evidence should be excluded from trial because admission of such evidence is likely to cause juror confusion and is not relevant. The Court concludes that the government's motion *in limine* should be granted. It is, therefore,

ORDERED AND ADJUDGED that the government's motion *in limine* [151–1] be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that Deck's proposed testimony be excluded from the trial because it is likely to confuse the jury. It is further,

ORDERED AND ADJUDGED that evidence of any loss or gain by Halter Marine from the alleged fraud is properly excluded from the trial. It is further,

ORDERED AND ADJUDGED that evidence regarding any knowledge of the alleged scheme or involvement by the defendant in other companies should not be admitted into evidence.